1  **DOLL AMIR & ELEY LLP**
   HUNTER R. ELEY (SBN 224321)
2  heley@dollamir.com
   AMY I. BORLUND (SBN 205361)
3  aborlund@dollamir.com
   725 S. Figueroa Street, Suite 3275
4  Los Angeles, California 90017
   Tel: 213.542.3380
5  Fax: 213.542.3381
6
7  Attorneys for Defendants,
   CAPITAL ONE, N.A.; CAPITAL
8  ONE FINANCIAL CORPORATION;
   and CAPITAL ONE BANK (USA), N.A.
9
10              **UNITED STATES DISTRICT COURT**
11            **SOUTHERN DISTRICT OF CALIFORNIA**
12
13  AILEEN MARQUEZ, on behalf of          Case No. **'22 CV 1591 GPC KSC**
    herself and all those similarly situated,
14                                        **NOTICE OF REMOVAL OF**
15            Plaintiff,                  **ACTION TO THE UNITED**
                                          **STATES DISTRICT COURT**
16  v.                                    **FOR THE SOUTHERN**
                                          **DISTRICT OF CALIFORNIA**
17  CAPITAL ONE BANK, USA N.A.;           **UNDER 28 U.S.C. §§ 1332, 1441,**
    CAPITAL ONE FINANCIAL                 **1446, 1453 (DIVERSITY AND**
18  CORPORATION; and CAPITAL ONE,         **CAFA REMOVAL)**
    N.A.;
19                                        [San Diego County Superior Court
20            Defendants.                 Case No. 37-2021-00029279-CU-
                                          MC-CTL]
21
22                                        FAC Filed:     09/21/2022
23                                        Complaint Filed: 07/08/2021
24
25
26
27
28

DOLL AMIR & ELEY LLP

1  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR**
2  **THE SOUTHERN DISTRICT OF CALIFORNIA:**

3     **PLEASE TAKE NOTICE** that Defendants Capital One, N.A., Capital One
4  Financial Corporation, and Capital One Bank (USA), N.A. (collectively "Capital
5  One" or "Defendants")[1] hereby remove to this Court the action originally commenced
6  in the Superior Court of California for the County of San Diego, entitled *Marquez v.*
7  *Capital One Bank, USA N.A., et al.*, Case No. 37-2021-00029279-CU-MC-CTL
8  ("State Court Action").  This removal is made pursuant to 28 U.S.C. §§ 1331, 1332,
9  1441, 1446, and 1453.

10            **STATEMENT OF THE CASE**

11     1.     This is a civil action asserting claims under the federal Telephone
12  Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq., for which this Court
13  has original jurisdiction under 28 U.S.C. §§ 1331 and 1332(d), and which may be
14  removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446 and 1453.

15     2.     Plaintiff has brought this action as a putative class action purportedly on
16  behalf of "[a]ll persons within the United States who received any telephone call/s
17  from Defendants or their agent's and/or employee/s to said person's cellular
18  telephone with an artificial or prerecorded voice within the four years prior to the
19  filing of the Complaint."  (FAC, ¶ 46.)

20     3.     As explained below, this Court has original jurisdiction over this action
21  pursuant to 28 U.S.C. § 1331, based on federal question, and 28 U.S.C. § 1332(d),
22  based on the diversity of citizenship, the number of proposed class members, and the
23  amount in controversy requirements applicable to class actions.  The diversity-of-
24  citizenship requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied because at least one

25
26
27  _____

[1] On October 1, 2022, Capital One Financial Corporation completed the merger of its
28  wholly-owned subsidiary Capital One Bank (USA), National Association ("COBNA")
    with and into Capital One, National Association ("CONA"), a wholly-owned
    subsidiary of Capital One, with CONA as the surviving entity.

DOLL AMIR & ELEY LLP

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF CALIFORNIA UNDER 28 U.S.C. §§ 1332, 1441, 1446, 1453 (DIVERSITY AND CAFA REMOVAL)

member of the putative Plaintiff class is a citizen of a State different from at least one Defendant.  The requirement of 28 U.S.C. § 1332(d)(5)(B) is satisfied because there are more than 100 members of the proposed class.  The amount-in-controversy requirement of 28 U.S.C. § 1332(d)(2) is satisfied because the aggregate alleged claims of the individual members of the putative class exceed the sum or value of $5,000,000, exclusive of interest and costs.

4.    On July 8, 2021, Plaintiff Aileen Marquez filed a Complaint in the State Court Action.  The Complaint alleged a single cause of action under California Civil Code § 1788.14(c), *et seq*. (the "Rosenthal Act").

5.    On September 16, 2022, the Court in the State Court Action granted Plaintiff leave to file an amended complaint.  On September 21, 2022, Plaintiff filed a First Amended Complaint ("FAC") in the State Court Action, which included a new cause of action for violation of the TCPA.

6.    Plaintiff's FAC also included newly asserted class allegations purportedly on behalf of "[a]ll persons within the United States who received any telephone call/s from Defendants or their agent's and/or employee/s to said person's cellular telephone with an artificial or prerecorded voice within the four years prior to the filing of the Complaint."  (FAC, ¶ 46.)  Plaintiff also purports to represent a "Sub-Class, consisting of: All persons within California who, directly or through a representative, sent notice in writing to Defendant/s that they were represented by Counsel and subsequently received any telephone call/s from Defendants or their agent/s and/or employee/s to said person's cellular telephone, for the purpose of collecting or attempting to collect an alleged debt, within the one year prior to the filing of the Complaint."  (FAC, ¶ 48.)

## BASIS FOR REMOVAL

7.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 and the Class Action Fairness Act of 2005 ("CAFA"),

DOLL AMIR & ELEY LLP

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. §§ 1332, 1441, 1446, 1453 (DIVERSITY AND CAFA REMOVAL)

DOLL AMIR & ELEY LLP

1    Pub. L. 109-2, 199 Stat. 4 (2005).[2]

2    8.    This Court has original jurisdiction over this action pursuant to 28 U.S.C.

3    § 1331, because Plaintiff alleges that purported conduct of Capital One entitles

4    Plaintiff to an award of damages under the TCPA, which is a law of the United States.

5    9.    Under CAFA, a district court has original jurisdiction over any class

6    action in which: (1) the amount in controversy exceeds $5,000,000; (2) there is

7    minimal diversity, *i.e.*, any member of a class of plaintiffs is a citizen of a State

8    different from any defendant; (3) the number of members of all proposed plaintiff

9    classes in the aggregate is greater than 100.  28 U.S.C. §§ 1332(d)(2), (d)(5).

10    10.    Additionally, this Court has supplemental jurisdiction over the remaining

11    state law claims, because they "form part of the same case or controversy." 28 U.S.C.

12    § 1367(a). A state claim is part of the same case or controversy if it shares a "common

13    nucleus of operative fact" with the federal claim, and if they would normally be tried

14    together. *See, e.g., Trustees of the Constr. Indus. & Laborers Health & Welfare Trust*

15    *v. Desert Valley Landscape Maint., Inc.,* 333 F. 3d 923, 925 (9th Cir. 2003). Here,

16    Plaintiff's claims for violations of the Rosenthal Act are based on the same factual

17    allegations as her claims for violation of the TCPA. The Court should therefore

18    extend supplemental jurisdiction over Plaintiff's state law claims.

19    **Diversity of Citizenship**

20    11.    This action meets the CAFA minimal-diversity requirement.  The named

21    Plaintiff, Aileen Marquez, is, and at all relevant times was, a resident of the County of

22    San Diego and a citizen of the state of California.  (FAC, ¶ 11.)

23    12.    Defendants Capital One, N.A. and Capital One Bank (USA), N.A. are

24    "National Banking Associations" and are "headquartered in Virginia."  (FAC, ¶¶ 13,

25    14.)  As national banking associations, Capital One, N.A. and Capital One Bank

26

27    _____

28    [2] The Class Action Fairness Act of 2005 is codified in 28 U.S.C. §§ 1332(d), 1453, and 1711-1715.

(USA), N.A. are not state incorporated businesses, and their citizenship is governed pursuant to 28 U.S.C. § 1348, not 28 U.S.C. § 1332. A national bank does not have a state of incorporation, because it is organized under federal law pursuant to the National Bank Act. As a result of this unique organizational structure, Congress enacted a separate jurisdictional statute that addresses the citizenship of national banks. Under 28 U.S.C. § 1348, "[a]ll national banking associations shall, for the purposes of all . . . actions by or against them, be deemed citizens of the States in which they are respectively located." The Supreme Court has ruled that, for purposes of federal diversity jurisdiction, a nationally chartered bank is only a citizen of the state in which its main office is located. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).

13.    Defendant Capital One Financial Corporation is "a Delaware Corporation" and "headquartered in Virginia." (FAC, ¶ 14.) Capital One Financial Corporation is therefore a citizen of Delaware and Virginia. *See* 28 U.S.C. § 1332(c)(1).

14.    For purposes of determining diversity of citizenship, the court looks at "all members in a class." 28 U.S.C. § 1332(d)(1)(A). Here, Plaintiff is neither a citizen of Delaware nor Virginia. Moreover, the members of the putative class are alleged to be "all persons within the United States" (FAC, ¶ 46), and thus can be citizens of any state. The requisite minimal diversity of citizenship exists, pursuant to 28 U.S.C. § 1332(d)(2)(A), because at least one member of the putative Plaintiff class is a citizen of a State different from Capital One.

**The Total Number of Class Members Exceeds 100**

15.    The number of members of the proposed putative classes is greater than 100. The FAC alleges that, "Plaintiff does not know the number of members in the Classes but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter." (FAC, ¶ 50.)

DOLL AMIR & ELEY LLP

**Amount in Controversy**

16.    The amount placed in controversy by the averments of the FAC (accepting such averments as "true" for this purpose only) exceeds the $5,000,000, exclusive of interest and costs, required under Section 1332(d)(2) of CAFA.

17.    Plaintiff seeks, among other relief, "an award of $1,500 in statutory damages for each one of CAPITAL ONE's over one-hundred (100) knowing and/or willful violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(C)."  (FAC, ¶ 75.) When the amount specified in the FAC is multiplied by the number of calls to putative class members' calls during the alleged four-year class period, the total amount in controversy exceeds $5,000,000.

18.    Therefore, the amount placed in controversy by the FAC exceeds the jurisdictional minimum of $5 million.  *See* 28 U.S.C. § 1332(d)(6)("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.

19.    <u>Removal to Proper Court</u>.  Pursuant to 28 U.S.C. § 1446(a), Capital One is filing this Notice of Removal in the United States District Court for the Southern District of California, which is the federal district encompassing the state court where the State Court Action is pending, which is the Superior Court of the State of California for the County of San Diego.

20.    <u>Removal is Timely</u>.  This action has been removed in accordance with the requirements of 28 U.S.C. § 1446(b).  "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ."  Here, the FAC was filed on September 21, 2022.  Accordingly, Capital One promptly removed the action within

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. §§ 1332, 1441, 1446, 1453 (DIVERSITY AND CAFA REMOVAL)

DOLL AMIR & ELEY LLP

1    30 days of receiving a copy of the filed FAC.

2         21.   <u>Pleadings and Process</u>.  Pursuant to 28 U.S.C. § 1446(a), true and correct

3    copies of all of process, pleadings and orders Capital One has been able to gather

4    from the State Court Action are attached as exhibits hereto.

5         22.   <u>Capital One's Consent to Removal is Sufficient</u>.  The Capital One

6    Defendants are the only defendants named in this action.  Therefore, no further

7    consent is required.  28 U.S.C. § 1453(b) (class action may be removed by any

8    defendant under CAFA).

9         23.   <u>Notice</u>.  Written notice of the filing of this Notice of Removal will be

10   promptly served upon counsel for Plaintiff.  Capital One also will promptly file a

11   copy of this Notice with the Clerk of the Superior Court of California, County of San

12   Diego.

13   **<u>CONCLUSION</u>**

14        24.   By this Notice of Removal and the associated attachments, Capital One

15   does not waive any objections it may have as to service, jurisdiction or venue, or any

16   other defenses or objections it may have to this action.  Capital One intends no

17   admission of fact, law or liability by this Notice, and it expressly reserves all

18   defenses, motions and/or pleas.  Capital One prays that the State Court Action be

19   removed to this Court, that all further proceedings in the state court be stayed, and

20   that Capital One receives all additional relief to which it is entitled.

21

22     DATED:  October 14, 2022          DOLL AMIR & ELEY LLP

23

24                         By: _____

25                            HUNTER R. ELEY
                              AMY I. BORLUND

26                            Attorneys for Defendants,
                              CAPITAL ONE, N.A.; CAPITAL ONE

27                            FINANCIAL CORPORATION; and
                              CAPITAL ONE BANK (USA), N.A.

28

DOLL AMIR & ELEY LLP

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF CALIFORNIA UNDER 28 U.S.C. §§ 1332, 1441, 1446, 1453 (DIVERSITY AND CAFA REMOVAL)