UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AILEEN MARQUEZ, MARIA DIANA DE LA ROSA, and JORGE A. RODRIGUEZ, for themselves and all those similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CAPITAL ONE BANK, USA N.A.; CAPITAL ONE FINANCIAL CORPORATION; and CAPITAL ONE, N.A.;<br><br>　　　　　　　　　　Defendants. | Case No.:  22-CV-1591-GPC-KSC<br><br>**ORDER**<br><br>**(1) GRANTING MOTION TO STAY [ECF No. 21]**<br><br>**(2) DENYING MOTION TO STRIKE [ECF No. 24]** |

   Before the Court is Defendants Capital One Bank, USA N.A.'s; Capital One Financial Corporation's; and Capital One N.A.'s ("Defendants") Motion to Stay under the first-to-file rule.  ECF No. 21.  Plaintiffs Aileen Marquez, Maria Diana De La Rosa, and Jorge A. Rodriguez ("Plaintiffs" or "Marquez et al.") have filed an opposition, ECF No. 23, and Defendants filed a reply, ECF No. 26.  Pursuant to Civil Local Rule 7.1(d), the Court found the matter was appropriate for decision on the papers and vacated the hearing

1

previously scheduled for Friday, June 9, 2023. ECF No. 29. For the reasons discussed below, the Court **GRANTS** the Defendants' Motion to Stay. Because the proceedings are hereby stayed, the Court **DENIES** the Plaintiffs' Motion to Strike **WITHOUT PREJUDICE**. ECF No. 24.

### I.     Procedural Background

In July 2021, Aileen Marquez filed a Complaint ("Original Complaint") in the Superior Court of California, County of San Diego, against the Defendants. ECF No. 1-3 at 2. The Original Complaint was not a class action and was filed only on behalf of Marquez. *Id.* It alleged that Defendants violated the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA") when Marquez, represented by counsel, sent Defendants a cease and desist letter and yet Defendants allegedly continued to directly contact Marquez about collecting a debt. *Id.* at 8–9; *see* Cal. Civ. Code § 1788.14(c).

In August 2021, Sergio D. Fiorarancio filed a Class Action Complaint in the United States District Court, District of New Jersey ("the New Jersey Action"). Compl., *Fiorarancio v. Capital One Bank (USA), N.A.*, No. 3:12-cv-15775-GC-RLS (No. 1) [hereinafter *Fiorarancio Compl.*]. In the New Jersey Action, Fiorarancio alleged that Capital One Bank violated the Telephone Consumer Protection Act ("TCPA") when it contacted Fiorarancio and class members on their cellular telephones "using 'an artificial or prerecorded voice' . . . without their prior express consent, or after they revoked consent." *Id.* at 2 (quoting 47 U.S.C. §227(b)(1)(A)). Fiorarancio seeks injunctive relief, actual and statutory damages, and attorneys' fees and costs. *Id.* at 11.

In September 2022, despite opposition from Defendants, the California Superior Court granted Marquez Leave to file a First Amended Complaint ("FAC"). ECF No. 1-34 at 2–3. It found that an eight month delay between filings did not warrant denying the amendments, and reasoned that "although the amendments may require additional investigation or a delay in trial date, there [did] not appear to be any significant prejudice

to Defendants since the claims are based on the same general set of facts, discovery is ongoing, there is no impending issue with the [statute of limitations], and [Marquez] would be entitled to refile [her] claims as a new lawsuit." *Id.*  The FAC added two new causes of action pursuant to the TCPA, ECF No. 1-35 at 14–15; *see* 47 U.S.C. § 227, and added class action allegations, *id.* at 2.  The TCPA causes of action allege that Marquez's cease and desist letter "revoked any alleged consent for Defendants or their agents or representatives to call Plaintiff on her cellular telephone with an artificial or prerecorded voice." *Id.* at 14–15.

In October 2022, Defendants removed the Superior Court Action to this Court pursuant to 28 U.S.C. §§ 1331, 1332, and the Class Action Fairness Act of 2005.  ECF No. 1 at 3–4.

In April 2023, this Court granted the parties' Joint Motion for Leave to file a Second Amended Complaint ("SAC").  ECF No. 18 at 1; *see* ECF No. 19 (SAC).  Maria Diana De La Rosa and Jorge A. Rodriguez were added as named plaintiffs.  ECF No. 19 at 1. Plaintiffs allege that Defendants violated the RFDCPA and the TCPA by contacting Plaintiffs and class members via their cellular telephones for debt collection purposes using an artificial and/or recorded voice.  *Id.* at 7–19.  The Plaintiffs seek to represent a national class for their TCPA claim and a California sub-Class for their RFDCPA claim.  *Id.* at 16. They seek injunctive relief, actual and statutory damages, and attorneys' fees.  *Id.* at 22–23.

As of May 2023, both the New Jersey Action and this instant action have conducted some discovery—the full extent of which is unclear—and neither of these actions have obtained class certification.  *See* Ord., *Fiorarancio*, No. 3:12-cv-15775-GC-RLS (No. 52) (setting discovery status conference for June 2023); ECF No. 23 at 13 (plaintiffs alleging that the parties have conducted discovery covering both RFDCPA and TCPA claims); ECF No. 1-29 at 4 (defendants acknowledging that the parties had "conducted significant

discovery" on Original Complaint). Defendants move to stay the proceedings before this Court in light of the New Jersey Action under the first-to-file rule. ECF No. 21.

## II.     Legal Standard

The first-to-file rule is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). This doctrine serves "the purpose of promoting efficiency well and should not be disregarded lightly." *Id.* at 95 (quoting *Church of Scientology of Cal. v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979), overruled on other grounds by *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016)). "A federal district court has discretion to dismiss, stay, or transfer a case to another district under the first-to-file rule." *Youngevity Int'l, Inc. v. Renew Life Formulas, Inc.*, 42 F. Supp. 3d 1377, 1381 (S.D. Cal. 2014) (citing *Alltrade, Inc. v. Uniweld Prods. Inc.*, 946 F.2d 622, 628 (9th Cir. 1991)) The " 'first-to-file rule' is not a rigid or inflexible rule to be mechanically applied." *Pacesetter Sys.*, 678 F.2d at 95. Rather, the district court is to exercise its discretion, and can "dispense with the first-filed principle for reasons of equity." *Alltrade, Inc.*, 946 F.2d at 628.

"When applying the first-to-file rule, courts should be driven to maximize 'economy, consistency, and comity.' " *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (quoting *Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 604 (5th Cir.1999)). The Comity principle serves a purpose "of paramount importance": "to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Church of Scientology*, 611 F.2d at 750. Courts should give regard to the "conservation of judicial resources and comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (1952). Accordingly, in determining whether to apply the first-to-file rule to stay

a case, the Court analyzes three factors: (1) "chronology of the lawsuits," (2) "similarity of the parties, and" (3) "similarity of the legal issues." *Kohn L. Grp.*, 787 F.3d at 1240.

### III.   Discussion

**A. Chronology Of Lawsuits**

The first-to-file rule is primarily concerned with "economy, consistency, and comity." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). It presumes that "[c]omity works most efficiently" when courts defer to the first filed litigation, *Church of Scientology*, 611 F.2d at 750, but courts are not "bound by technicalities" when applying this comity doctrine, *id.* at 749. "With class claims . . . efficiency favors early assertion of competing class representative claims." *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 (2018).

Although Fiorarancio filed the New Jersey Action a month after Marquez's original individual lawsuit, Fiorarancio's class action claim still predated Marquez's class action claim by 13 months. *See*, ECF No. 1-3 at 2; *Fiorarancio Compl*; ECF No. 1-34 at 2–3. Plaintiffs argue that because their SAC relates back to their Original Complaint under the relation-back doctrine, this instant action was filed first. ECF No. 23 at 7. However, Plaintiffs do not direct the Court's attention to any cases holding that an amended class action relates back to the original individual complaint. *See id.* at 7–18 (absence of on-point authorities); *e.g.*, *Immigrant Assistance Project v. INS*, 306 F.3d 842, 857 (9th Cir. 2002) (emphasizing that second amended complaint with class allegations related back to original complaint in part because original complaint also brought class allegations).

Furthermore, the Court finds that the relation back doctrine is inapplicable to the first-to-file issue in this case. *See Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 958, 958 n.3 (N.D. Cal. 2008); *accord Time Warner Cable, Inc. v. USA Video Tech. Corp.*, 520 F. Supp. 2d 579, 586 n.48 (D. Del. 2007) ("[W]hen investigating a first-filed issue, relation back analysis is unnecessary[] because the 'point


of the inquiry is the original complaint, not the amended complaint.' " (quoting *Schering Corp. v. Amgen Inc.*, 969 F. Supp. 258, 267 (D. Del. 1997))). The purpose of the relation back doctrine is " 'to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities.' " *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1005 (9th Cir. 2014) (quoting 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1471 (3d ed. 1998)). Because staying an action under the first-to-file rule does not deprive the Plaintiffs of the maximum opportunity to decide their claims on the merits, the relation-back doctrine is not implicated here. Moreover, even if the SAC relates back to the Original Complaint, the Court finds that the date of when the Original Complaint was filed adds little value to the Court's litigation economy analysis. By asserting his class claim 13 months before the Plaintiffs in this action did, Fiorarancio provided the New Jersey court and parties with a 13-month head start to conduct class discovery and determine if class certification would be appropriate. *See*, *China Agritech*, 138 S. Ct. at 1807. Efficiency and comity favors deferring to the New Jersey Action, and staying the proceedings.

### B. Similarity Of Parties And Legal Issues

"[T]he first-to-file rule does not require exact identity of the parties . . . . [but] only substantial similarity of parties." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). The legal "issues in both cases also need not be identical, only substantially similar." *Id*. Plaintiffs' only argument against staying the proceedings under these factors is that the New Jersey Action is based solely on federal law and cannot adjudicate Plaintiffs' RFDCPA claim. ECF No. 23 at 17.

Fiorarancio and Marquez et al. both seek to represent a class who "within four years prior" to their respective litigation, received calls on their "cellular telephone" from or on behalf of Capital One, utilizing "an artificial or prerecorded" voice. *Fiorarancio Compl.* at 7; ECF No. 19 at 16. The class in the New Jersey Action is further limited to those "for

whom Capital One cannot demonstrate that it had written, prior express consent for such calls and/or where the called person had previously revoked consent." *Fiorarancio Compl.* at 7. Marquez et al. define their California RFDCPA sub-class to include persons who provided Defendants written notice withdrawing consent for such calls. ECF No. 19 at 16. Accordingly, even though Marquez et al.'s California RFDCPA Class likely would not be represented in the New Jersey Action, the common questions of law and fact will be so overwhelmingly similar between the two actions such that these two factors also favor staying the Marquez et al. proceedings.

### IV.     Conclusion

For the reasons explained above, Defendant's Motion to Stay is **GRANTED.** The parties are **DIRECTED** to file a joint status report every **120 days**.

Because the matter has been stayed, Plaintiffs' Motion to Strike is **DENIED WITHOUT PREJUDICE**. The hearing on Plaintiff's Motion to Strike, previously scheduled for Friday, July 7, 2023 is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: June 12, 2023

Hon. Gonzalo P. Curiel
United States District Judge